**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 98-4174**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES TOBE WOOD, a/k/a Charles James Wood,
a/k/a Toby Wood,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry M. Herlong, Jr., District
Judge.  (CR-97-483)

———————

Submitted:  August 18, 1998      Decided:  September 17, 1998

———————

Before MURNAGHAN and LUTTIG, Circuit Judges, and HALL, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

R. Keith Kelly, Spartanburg, South Carolina, for Appellant.  Harold
Watson Gowdy, III, OFFICE OF THE UNITED STATES ATTORNEY, Green-
ville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Charles Wood pled guilty to maintaining an establishment for the purpose of distributing cocaine base in violation of 21 U.S.C. § 856 (1994). The district court sentenced Wood to imprisonment for 151 months, followed by supervised release for three years. His attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the district court properly imposed Wood's sentence under the Sentencing Guidelines. Counsel asserts that there are no meritorious grounds for appeal. Wood was informed of his right to file a pro se supplemental brief, which he failed to file. Because our review of the entire record reveals no reversible error, we affirm.

Wood contends that the district court erred in calculating his offense level and sentencing him to 151 months' imprisonment. The district court correctly interpreted and applied the guidelines in ascertaining Wood's total offense level of 29, criminal history category of VI, and sentence range of 151-188 months. Because Wood's sentence is within the applicable guideline range and the statutory maximum penalty for his crime, this court lacks authority to review his sentence. See United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990).

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm Wood's sentence. This court requires that counsel inform his client

2

in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. <u>See</u> Local Rule 46(d). Counsel's motion must state that a copy thereof was served on the client. <u>See</u> <u>id.</u> We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

<u>AFFIRMED</u>